BARKETT, Justice,
specially concurring.
I agree with the majority but write separately to emphasize that parents may not be stripped of parental rights lightly. Indeed, the sanctity of the parent-child relationship is a liberty interest protected under both the state and federal constitutions. E.g., Santosky v. Kramer, 455 U.S. 745, 102. S.Ct. 1388, 71 L.Ed.2d 599 (1982); Bellotti v. Baird, 443 U.S. 622, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979); In the Interest of R.W., 495 So.2d 133 (Fla.1986); In the Interest of D.B., 385 So.2d 83 (Fla.1980). So strong is this interest that the only civil proceeding in which a person is entitled to free public counsel in Florida is a proceeding to terminate parental rights. R.W.; D.B.
Obviously, however, a parent can relinquish parental rights by his or her actions. Thus, I believe that we have correctly construed and applied “abandonment” as it relates to the need for paternal consent under section 63.062(1), Florida Statutes. However, the precedent set by this case cannot carry over into those situations involving the prenatal responsibilities of mothers, in which substantially different factual problems and different competing *750 rights and interests necessarily arise and must be evaluated.
KOGAN, J., concurs.